IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER AZIZ § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| TICKETMASTER LLC, § | Case No. _____ | |
| LIVE NATION ENTERTAINMENT, § | | |
| INC., and MIKE TABOR § | **Removed from the 298th District Court** | |
| § | **for Dallas County, Texas** | |
| Defendants. § | **Cause No. DC-24-04479** | |
| § | | |
| § | | |

## NOTICE OF REMOVAL

Defendant Ticketmaster LLC ("Ticketmaster"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this matter from the 298th District Court for Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and states as follows:

1.  On March 25, 2024, Plaintiff Peter Aziz ("Plaintiff") filed a Petition in the 298th District Court for Dallas County, Texas styled *Peter Aziz v. Ticketmaster LLC, Live Nation Entertainment, Inc. and Mike Tabor*, Cause No. DC-24-04479, alleging negligence, premises liability, negligence per se, and gross negligence on behalf of the following parties: Ticketmaster, Live Nation Entertainment, Inc., and Mike Tabor (the "State Court Action"). Plaintiff's claims stem from a personal injury that he alleges to have suffered on August 26, 2023, at Dos Equis Pavilion during the Latino Mix concert.

2.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached hereto as Exhibit A. Pursuant to Local Rule 81.1, Exhibit A contains an index of the materials being filed, followed by each document that has been filed in Dallas County. Further, pursuant to Local Rule 81.1, attached hereto as Exhibit B is the state court docket sheet.

1

Moreover, a corporate disclosure statement for Ticketmaster and a civil cover sheet will be filed simultaneously.

3. This removal is timely because Ticketmaster is filing this Notice of Removal within 30 days of service of the Petition on Ticketmaster.

4. Consent is unnecessary from the other defendants because they have not been "properly joined and served" as of the date of filing this Notice of Removal. *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("[O]nly co-defendants who have been 'properly joined *and served*' must join in or consent to the removal.") (quoting 28 U.S.C. § 1446(b)(2)(A)).

5. This action is properly removable under 28 U.S.C. § 1332 because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.

## DIVERSITY AMONG THE PARTIES

6. Plaintiff Peter Aziz is the sole plaintiff in the State Court Action. He is a citizen and resident of the State of Texas. Ex. A-1, Pet. ¶ 2.

7. Defendant Ticketmaster is a Virginia limited liability company. For jurisdictional purposes, the citizenship of a limited liability company is determined by the citizenship of each member of the entity. *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology*, L.L.C., 965 F.3d 404, 408, n.1 (5th Cir. 2020). Ticketmaster is a wholly-owned subsidiary of Defendant Live Nation Entertainment, Inc. ("Live Nation"), a publicly-traded corporation. For jurisdictional purposes, a corporation is deemed to be a citizen of its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Live Nation is incorporated in the State of Delaware and its principal place of business is in the State of California. Therefore, Ticketmaster and Live Nation are citizens of Delaware and California for jurisdictional purposes.

8.      Although Defendant Mike Tabor is a citizen and resident of Texas, the Court should not determine that his citizenship destroys complete diversity. The reason is that Plaintiff improperly joined Tabor to this lawsuit and his citizenship should be disregarded. Improper joinder can be established by demonstrating Plaintiff's inability to establish a cause of action against Tabor in state court. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296 (5th Cir. 2019). Because a state court has not yet ruled on Plaintiff's claims, the Court must ask whether "there [is] any reasonable possibility" that a state court would rule against Tabor. *Id.* There is no reasonable probability here.

9.      "District courts in the Fifth Circuit have held the Texas Supreme Court's opinions preclude a plaintiff from bringing negligence claims against both a company and a company employee acting within the scope of his or her employment duties." *Kutchinski v. Costco Wholesale Corp.*, No. 4:22-CV-00083, 2022 WL 1809308, at *3 (S.D. Tex. June 1, 2022) (collecting cases). In Texas, individual liability "arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). For example, an officer or agent could be liable for negligently causing a car accident during the scope of his employment duties. *Id.* That's because an agent owes, in his individual capacity, a duty to the public to drive with reasonable care. *Id.*

10.     Here, the only factual allegations concerning Tabor specifically is that he (1) "is a general manager for the other Defendants"; (2) "failed to properly warn Plaintiff or provide prompt medical care"; and (3) "on [Plaintiff's] information and belief was present when Plaintiff fell." Pet. ¶ 8. These allegations only concern Tabor's duties within the scope of his employment for the other Defendants. *Id.* But Tabor owed no independent duty to Plaintiff to provide a safe concert environment. *See Tri,* 162 S.W.3d at 562; *see, e.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("When the employer is a corporation, the law charges the corporation itself, not the

individual corporate officer, with the duty to provide the employee a safe workplace."). Therefore, Tabor owed no independent duty to Plaintiff and cannot be held individually liable for the alleged negligence of Ticketmaster and/or Live Nation. Accordingly, the Court should find that Tabor was improperly joined and should not consider his citizenship as grounds for remand.

## AMOUNT IN CONTROVERSY

11. In the State Court Action, Plaintiff states that he "seeks more than $1 million in damages." Ex. A-1, Pet., ¶ 20.

12. Given Plaintiff's minimum damages as stated and the nature of the alleged personal injuries, it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum of $75,000. *Salazar v. Downey*, No. 3:12-CV-2656-M, 2012 WL 5389678, at *2 (N.D. Tex. Nov. 5, 2012). This is especially true where, as here, Plaintiff also seeks punitive and exemplary damages (Pet. ¶ 20), which are also to be considered in ascertaining the amount in controversy. *Rapp v. Sine*, No. 4:20-CV-00230-P, 2020 WL 5500237, at *3 (N.D. Tex. Sept. 11, 2020).

13. Accordingly, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

## PROPER COURT FOR REMOVAL

14. The United States District Court for the Northern District of Texas, Dallas Division, is the appropriate court for filing a notice of removal from the District Court for Dallas County, Texas. See 28 U.S.C. § 124(a)(1). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## REQUEST FOR RELIEF

WHEREFORE, Defendants Ticketmaster LLC respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court for Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Date:   May 22, 2024

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By:   */s/ Robert L. Sayles*
**Robert L. Sayles**
Texas Bar No. 24049857
rsayles@bradley.com
**Lauren M. Green**
Texas Bar No. 24114574
lagreen@bradley.com

Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
(214) 257-9800 Telephone
(214) 939-8787 Facsimile

**ATTORNEYS FOR DEFENDANT TICKETMASTER LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via the Court's ECF system on May 22, 2024 upon all counsel of record.

*/s/Robert L. Sayles*
Robert L. Sayles

5